**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No.  08 B 28139 |
| DNA GENERAL CONTRACTING CO., | ) | Honorable John H. Squires |
| | ) | Motion Date: August 18, 2009 |
| Debtor. | ) | Motion Time: 9:30 a.m. |

**NOTICE OF MOTION**

TO:     See attached

PLEASE TAKE NOTICE THAT on **August 18, 2009,** at the hour of **9:30 a.m.**, the **FINAL FEE PETITION OF COUNSEL FOR THE DEBTOR**, shall be heard by the Judge John H. Squires of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 680 at 219 South Dearborn Street, Chicago, Illinois 60604.  A copy of same is attached hereto and thereby served upon you.  You may appear if you so see fit.

QUERREY & HARROW, LTD.

**AFFIDAVIT OF SERVICE**

I, Beverly A. Berneman, an attorney, certify that I caused the foregoing Notice of Motion upon the persons to whom it is addressed by mailing copies of the same to them and depositing it in the U.S. Mail at 175 West Jackson Boulevard, Chicago, Illinois at 4:00 p.m., July 21, 2009, with proper postage prepaid.

/s/Beverly A. Berneman
Beverly A. Berneman

QUERREY & HARROW, LTD.
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois  60604
312-540-7000

## **Service List**

UNITED STATES TRUSTEE'S OFFICE
219 S. Dearborn Street, Suite 873
Chicago, IL 60604

Karen R. Goodman
Shefsky & Froelich, Ltd.
111 East Wacker Drive, Suite 2800
Chicago, IL 60601

DNA General Contracting, Inc.
1010 Kenilworth Avenue
Oak Park, IL 60302

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | **In Chapter 11** |
| | ) | **Case No.  08 B 28139** |
| **DNA GENERAL CONTRACTING CO.,** | ) | **Honorable John H. Squires** |
| | ) | **Motion Date: August 18, 2009** |
| Debtor. | ) | **Motion Time: 9:30 a.m.** |

**FINAL FEE PETITION OF**
**COUNSEL FOR THE DEBTOR**

The law firm of QUERREY & HARROW, LTD. ("Q&H"), counsel for the Debtor, DNA

GENERAL CONTRACTING CO**.** ("DNA" or "Debtor"), applies to this court for an order approving

the payment of fees in the amount $23,131.50 plus costs in the amount of $2,013.28 and in support

thereof states as follows:

**I.  Narrative Summary**

On October 20, 2008, Debtor filed a voluntary case under Chapter 11 of Title 11 of the United

States Code ("Bankruptcy Code").The retention of Q&H as counsel for the Debtor was approved by

the Bankruptcy Court on  November 13, 2008 effective October 20, 2008.

Q&H is holding a retainer in the amount of $4,780.00 plus a cost advancement of $1,039.00.

This is Q&H's first and  final fee petition.

**II.  Case Status**

Debtor is in the business of providing constructive and remodeling services.

On July 13, 2009, this Court entered an order approving Debtor's Plan.

Details regarding these activities and other activities will be discussed further below.

**III.  Description of the Fee Petition**

A.     <u>General Information.</u>  Rule 2016(a) of the Bankruptcy Rules requires a detailed

application for fees.  The primary objective of this fee application is to reveal sufficient information

to enable the court to determine whether the services rendered in representing the Debtor were reasonable, actual and necessary.  Q&H has provided accurate and detailed records of the services which were made contemporaneously with the services performed.  *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

The statement of services includes a summary, by category, of the work done and time expended in each category.  Much care has been taken to properly categorize the activities to the degree possible.  Billing judgment was used to exclude hours which were excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983); *In re Temple Retirement Community, Inc*., 97 B.R. 333 (Bkrtcy. W.D.Tex. 1989); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

B.    <u>Billing Entries.</u>  Q&H uses computerized time and billing software in the preparation of a fee petition.  The software is versatile and lends itself to the particular requirements of a fee petition under the Bankruptcy Code.

This interim fee petition contains a narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity.  It contains a statement explaining the significance of the activity as well as the purpose, necessity and appropriateness of each such service.  Where appropriate, it contains a statement of the effectiveness of the activity, alternatives considered, method for choosing the action taken, a statement of any difficult or unusual problems which arose in the case and the manner in which it was addressed.  *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

C.    <u>Hourly Charges.</u>

Q&H charges all clients, including for non-bankruptcy matters, $480.00 per hour for partner attorney time in court; $320.00 per hour for other partner attorney time, $225.00 per hour for all associate time, $150.00 per hour for travel time and $120.00/$85.00 per hour for paralegal time.

## IV.  Project Summary

From October 20, 2008 to July 13, 2009, DNA has incurred $23,131.50 in fees at Q&H's customary hourly fee rates and $2,013.28 in expenses.

Attached hereto is a detailed, chronological description by category of the services performed on behalf of DNA during the relevant time period.  The billing rates for each attorney and paraprofessional are identified.

The following is a detailed narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity:

A.    *ADMINISTRATION.*

The activities in the general administration category are those activities which are a necessary part of the representation of the Debtor such as preparing schedules and amended schedules, reviewing monthly operating reports, communicating with the United States Trustee's office and advising Debtor about its operations as a debtor in possession. The benefits of these services to the Debtor and its estate were both economic and non-economic. The economic benefits resulted in the Debtor being able to streamline its operations. The remainder of the services was of non-economic benefit to the Debtor and its estate by promoting the bankruptcy process and the smooth administration of the cases.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibits A. A general breakdown is as follows:

3

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| R. R. Benjamin (RRB) | 9.00 | 320.00 | 2,880.00 |
| B. A. Berneman (BER) | 7.90 | 320.00 | 2,528.00 |
| J. M. Brom (JMB) | 0.20 | 320.00 | 64.00 |
| J. M. Brom (JMB) | 0.30 | 480.00 | 144.00 |
| B. H. Schoumacher (BHS) | 0.40 | 320.00 | 128.00 |
| K.C. Sheldon (KCS) | 4.90 | 85.00 | 416.50 |
| F. E. Connell | 0.10 | 225.00 | 22.50 |
| | 22.80 | | $ 6,183.00 |

**B.   CLAIMS**

The activities in the claims category are those activities connected with the creditors

regarding their claims, reviewing claims of creditors, claims based on alleged licensing violations and

responding to inquiries. The services benefited the estate on an economic basis addressing claims

issues that resulted in the collection of operating funds to the estate. The services benefited the estate

on a non-economic basis by facilitating the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.

A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| R. R. Benjamin (RRB) | 0.50 | 320.00 | 160.00 |
| R. R. Benjamin (RRB) | 0.50 | 480.00 | 240.00 |
| B. A. Berneman (BER) | 0.60 | 320.00 | 192.00 |
| | 1.60 | | $ 592.00 |

**C.   OBJECTIONS TO CLAIMS**

Counsel has aided Debtor in reviewing proofs of claims for possible objections. Debtor

brought an objection to the claim of the sole breach of warranty creditor. The matter was ultimately

settled for less than half of the original claim amount. The fees incurred resulted in an economic

4

benefit to Debtor's estate by adjusting the value of claims as is necessary to preserve estate. The non-economic benefits resulted from aiding the administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|----------|-------|-------------|--------|
| R. R. Benjamin (RRB) | 1.60 | 320.00 | 512.00 |
| R. R. Benjamin (RRB) | 0.70 | 480.00 | 336.00 |
| B. A. Berneman (BER) | 23.90 | 320.00 | 7,648.00 |
| B. A. Berneman (BER) | 0.50 | 480.00 | 240.00 |
| C. J. Harney (HRN) | 0.30 | 225.00 | 67.50 |
| K.C. Sheldon (KCS) | 0.20 | 85.00 | 17.00 |
| | 27.20 | | $ 8,820.50 |

## G.  PLAN

Debtor's proposed disclosure statement has been approved and its plan has been confirmed. The Plan proposes 100% distribution to unsecured creditors. The services resulted in an economic benefit to Debtor's estate by aiding the Debtor in concluding these proceedings in a timely manner for the benefit of its unsecured creditors. The non-economic benefits resulted from aiding the administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|----------|-------|-------------|--------|
| R. R. Benjamin (RRB) | 0.50 | 320.00 | 160.00 |
| R. R. Benjamin (RRB) | 0.50 | 480.00 | 240.00 |
| B. A. Berneman (BER) | 0.60 | 320.00 | 192.00 |
| | 1.60 | | $ 592.00 |

## I.     COSTS AND EXPENDITURES

5

Q&H seeks reimbursement of $2,013.28 as the expenses it incurred during its representation of the Debtor to date.  Expenses were incurred for the following items: filing fees, photocopying expenses, computerized research charges for issues related to the extent and priority of liens on property of the estate, postage charges, messenger charges and travel expenses are itemized in Exhibit A. All copy charges are billed at $0.10 per copy. Debtor agreed to pay for these items pursuant to a written agreement with Debtor's counsel.  These expenses were necessary to accomplish the proper representation of the Debtor.  An itemization of these costs is included in Exhibit A.

## V.  Certification

Q&H certifies that it served a copy of the chronological itemization of services rendered to the Debtor.  To date, the Debtor has not objected to the fees incurred.

## VI.  The Value of the Services for Which
## Compensation is Sought and Preservation of the Retainer

Section 330(a) of the Bankruptcy Code provides:

(a)     After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1003 of this title, or to the debtor's attorney –

(1)     reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a cases under this title; and

(2)     reimbursement for actual, necessary expenses.

The Bankruptcy Court has the independent authority and responsibility to determine the reasonableness of all fee requests, whether or not objections are filed.  *In re Spanjer Brothers, Inc.,* 203 B.R. 85 (Bkrtcy. N.D.Ill., 1996); *In re Pettibone Corporation*, 74 B.R. 293

(Bkrtcy.N.D.Ill. 1987).  The burden of proof is on the applicant to show that the fees incurred

were actual and necessary.  *In re Spanjer Brothers, Inc.,* 203 B.R. 85, 89 (Bkrtcy. N.D.Ill.,

1996);  *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re*

*Pettibone Corporation,* 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987).

The representation of the Debtor adequately corresponds with the time and labor

expended by Q&H.  The various issues involved required experienced bankruptcy counsel.

Q&H attorneys have over ninety (90) years combined experience in the area of bankruptcy law.

Less experienced attorneys would not have handled the matters herein as efficiently and as

effectively.  Due to the substantial time expended on behalf of the Debtor, Q&H was precluded

from accepting cases requiring extensive representation during the initial phase of these cases.

Q&H was able to accomplish a great deal directed towards aiding the Debtor in its streamlining

efforts and the preparation and proposal of a plan supported by a detailed disclosure statement.

Considering the results obtained by Q&H the amounts involved are fair and reasonable.  This

Court has reviewed and ruled upon numerous fee applications and is in a position to determine

that the rates herein are reasonable.

## VII.  Conclusion

WHEREFORE, QUERREY & HARROW, LTD. requests that this court enter an Order:

A.      Determining that the legal services and fees incurred were necessary and

reasonable;

B.      Allowing final compensation in the amount of $23,131.50;

C.      Allowing reimbursement of expenses in the amount of $2,103.28;

D.    Allowing Q&H to apply the retainer in the amount of $4,780.00 plus the cost

advancement of $1,039.00 to the amounts due; and

E.    Granting such other and further relief as this court may deem just and proper.

QUERREY & HARROW, LD.

By: /s/Beverly A. Berneman
    Beverly A. Berneman

Robert R. Benjamin (ARDC # 10070429)
Beverly A. Berneman (ARDC # 06189418)
QUERREY & HARROW, LTD.
175  West Jackson Boulevard, Suite 1600
Chicago, Illinois  60606
(312) 540-7000

8